■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULIO RIVERA ROBLES, Also Known as JULIO RIVERA, Appellant.—Judgment of conviction of criminal possession of a controlled substance, Supreme Court, Bronx County, rendered August 28, 1975, unanimously reversed, as a matter of discretion in the interest of justice, and the case remanded for a new trial. We have no difficulty whatever in sustaining denial of the motion to suppress. The police officer had several times found caches of contraband at the very place, concealed from view, from which defendant was observed to extract the box which, when defendant dropped it to the ground, the officer recovered. Defendant was seen reaching behind the billboard to an unseen area, without any prior exploratory gestures and in the absence of anything which might be thought to excite curiosity or invite exploration. Defendant's letting go of the box did not constitute abandonment. In the circumstances, the officer had probable cause to arrest defendant, considering the sum of his knowledge. The trial was, however, tainted to the extent that the case must be tried again before a jury uninfluenced by the contemptuous attitude of the prosecutor toward his adversary and the court. At its best, this attitude was characterized by immature baiting of both Judge and counsel. At its worst, it was demonstrated in prejudicial remarks stressing defendant's failure to testify and slyly advising the jury that he was incarcerated. Directed by the court again and again to desist, he repeated his improper remarks. Respondent's brief suggests that defense counsel's own tactics were "designed to lure the prosecutor into" intemperance. Such an excuse cannot be countenanced; in any circumstance, such conduct is unworthy of a quasi-judicial officer. Concur—Birns, J. P., Evans, Lane and Markewich, JJ.